**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**PATENT TRADER, INC., Respondent.**

**No. 432, Docket 32743.**

United States Court of Appeals, Second Circuit.

Decided May 25, 1970.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Nancy M. Sherman, Atty., N. L. R. B., Washington, D. C., on the brief, for petitioner.

Hugh P. Husband, Jr., New York City, on the brief, for respondent.

Before LUMBARD, Chief Judge, and WATERMAN, MOORE, FRIENDLY, SMITH, KAUFMAN, HAYS, ANDERSON and FEINBERG, Circuit Judges.

FEINBERG, Circuit Judge:

The National Labor Relations Board petitioned for a rehearing *en banc* of our panel decision in this case, reported at 415 F.2d 190, 2 Cir., insofar as it denied

enforcement of the Board's order that Patent Trader, Inc. bargain with the Union and conditioned the bargaining duty on the Union's winning a second Board election.[1] We granted the petition for rehearing *en banc* and allowed the filing of additional briefs. Upon consideration by the full court,[2] we withdraw that portion of the panel opinion entitled "The Remedy," reported at 415 F.2d 200–203, and enforce the Board's bargaining order.[3]

The facts of the case are thoroughly set forth in the panel opinion and need not be repeated here. Briefly, the Board petitioned this court for enforcement of its order requiring the Company to cease and desist from certain unfair labor practices and to bargain collectively with the Union. The panel found that even though the Union had been certified after a Board-conducted election, the Company thereafter interfered with, restrained and coerced its employees and for almost a year refused to bargain in good faith with the Union, thereby violating sections 8(a) (1) and (5) of the National Labor Relations Act. This holding was joined in by all members of the panel. Despite these findings, the panel majority refused to enforce the Board's bargaining order because the Union had been "repudiated by the employees." The "repudiation" took place in a secret ballot by the employees a few days after the Company had capped a long series of delaying tactics, designed to destroy the Union majority, with "promises of benefit for the purpose of encouraging abandonment of the Union," 415 F.2d at 199. One member of the panel dissented from the refusal to enforce the bargaining order.

■ Upon consideration by the full court, and substantially for the reasons set forth in the dissent to the panel opinion, we believe that enforcement of the Board's bargaining order need not be conditioned on another Board election. It must be remembered that this is not a union authorization card case; the Union was certified after an election. The choice here is not between a bargaining order or an election in the first instance, but between requiring two Board elections rather than just the one already held. The basic point is that it is error to refuse to enforce a bargaining order when it is conceded that there has been a Board election, the Union was duly certified, and the Company thereafter refused to bargain in good faith. Requiring still another Board election in such a situation undermines the central purpose of the National Labor Relations Act, since it gives an employer an incentive to disregard its duty to bargain in the hope that over a period of time a union will lose its majority status. On these facts, ordering another election because of possible employee disenchantment with the Union or change in personnel clearly conflicts with the rationale of N. L. R. B. v. Gissel Packing Co., 395 U.S. 575, 610–616, 89 S.Ct. 1918, 23 L. Ed.2d 547 (1969) and N. L. R. B. v. Katz, 369 U.S. 736, 748, 82 S.Ct. 1107, 8 L.Ed.2d 230 n. 16 (1962), and with the action of the Supreme Court in Atlas Engine Works, Inc. v. N. L. R. B., 395 U.S. 828, 89 S.Ct. 2125, 23 L.Ed.2d 737 (1969), in summarily reversing the decision of this court in N. L. R. B. v. Pembeck Oil Corp., 404 F.2d 105 (2 Cir. 1968), upon which the panel opinion relied.

■ It is unfortunate, of course, that so much time has gone by since the Union was certified, but under the cases cited above that does not furnish sufficient reason for not enforcing the Board order. Concern for employee freedom of choice is certainly appropriate, but, for the reasons given in the

1. The Union is Westchester County Printing Pressmen and Assistants Union, Local 366, International Association of Printing Pressmen and Assistants Union of North America.

2. The panel included a district judge, sitting by designation, who has not participated in the rehearing *en banc.*

3. We also withdraw the sentence at 415 F.2d 197, which summarizes the portion of the panel opinion now withdrawn.

panel dissenting opinion, that does not justify refusing a bargaining order on these facts. However, we suggest that the Board give the employees in the unit actual notice of their statutory right to petition the Board for a decertification election. See N. L. R. B. v. Priced-Less Discount Foods, Inc., 405 F.2d 67 (6 Cir. 1968), 407 F.2d 1325 (6th Cir. 1969).

The Board's order is enforced in accordance with the panel majority opinion, as modified herein, and the panel dissenting opinion which is hereby adopted.